UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **JILL CARUSO,** | ) Case No. 1:25-cv-546 |
| Plaintiff, | ) |
| v. | ) Judge: |
| **AWH-BP GRAND RAPIDS HOTEL, LLC.,** a Delaware limited liability company, | ) |
| Defendant. | ) |

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, Jill Caruso, individually, by and through the undersigned counsel, Owen B. Dunn, Jr. for Plaintiff, hereby files this Complaint against Defendant **AWH-BP Grand Rapids Hotel, LLC**, a Delaware limited liability company for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

## JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Jill Caruso, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

1

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Western District of Michigan as venue lies in the judicial district of the property *situs*. The Defendant's property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, JILL CARUSO ("Plaintiff") is a Michigan resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendant AWH-BP Grand Rapids Hotel, LLC, operates and owns the DoubleTree by Hilton Hotel Grand Rapids Airport, 4747 28th St SE, Grand

Rapids, MI 49512 in Kent County. Plaintiff has patronized Defendant's hotel as an overnight guest previously as a place of public accommodation.

6. The hotel owned and operated by the Defendant underwent extensive renovation and alteration by the Defendant (or its predecessor) and has completed an $2.5M renovation concluding in 2015 and is non-compliant with the remedial provisions of the ADA for newly designed and constructed or altered facilities. Full compliance with the implementing regulations of the ADA to all altered public accommodation areas is required for this hotel unless it would be structurally impracticable in which case compliance is required to the extent that it is not structurally impracticable.

7. Plaintiff is a woman diagnosed with spina bifida at birth and uses a wheelchair for mobility. As such, she is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.

8. Plaintiff resides in Monroe County and was in Grand Rapids, Michigan as a sponsor in the Ms. Wheelchair America pageant. But in addition, she also frequents Grand Rapids area several times each year for her employment, recreation, as a spectator at adaptive basketball tournaments, for shopping and has logged many overnight stays. She is also very active with disability advocacy groups including spokesperson pageants for promotion of

3

disability rights, public speaking, and disability advocacy fashion shows. These activities also cause her to frequent Grand Rapids area and its establishments.

9. ~~9.~~ On August 22-25, 2024 for 3 nights, Plaintiff patronized the DoubleTree by Hilton Hotel Grand Rapids Airport that forms the basis of this lawsuit as an overnight hotel guest and plans to return to the property to avail herself of the goods and services offered to the public at the property. During the Plaintiff's stay Plaintiff encountered many architectural barriers at the subject property that violate the ADA and its regulations. The barriers to access at the property have endangered Plaintiff's safety.

10. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail herself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the hotel and its amenities without fear of

discrimination.

11. The Defendant has discriminated against the individual Plaintiff by denying her access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

12. The Defendant has discriminated and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

13. Upon information and belief, this Defendant and property were previously the subject of an ADA public accommodations lawsuit, case number 1:17-cv-01116 in the Western District of Michigan. This plaintiff was not a party to the lawsuit, nor was or is she a party to any outcome or settlement therein nor bound by any of the aforementioned possible settlement's terms and conditions. The Plaintiff asserts this property remains non-compliant with the ADA and its implementing regulations 35 years after passage of the Americans with Disabilities Act and at minimum 8 years after being provably put on notice of the property's deficiencies and barriers to handicap access in federal district court litigation.

14. A preliminary inspection of the DoubleTree by Hilton Hotel Grand Rapids

Airport, including its facilities, has shown that many violations of the ADA exist. These violations include, but are not limited to:

**Parking and Accessible Route**

A. There is no marked access aisle in the vehicle pull-up space at the hotel passenger loading one, in violation of the ADA section 503.3 of the 2010 Standards, whose remedy is strictly required or at minimum is readily achievable.

B. There is no accessible route from accessible parking to the accessible entrance, in violation of the ADA section 502.3 of the 2010 Standards and 1991 ADAAG section 4.6.2, whose remedy is readily achievable.

C. In the parking lot, where there are more than 100 parking spaces, only 2 accessible parking spaces are being provided and therefore are a legally insufficient number of designated accessible parking spaces, in violation of the ADA section 208 of the 2010 Standards and 1991 ADAAG section 4.6.1, whose remedy is strictly required or at minimum is readily achievable.

D. In the parking lot, the marked accessible parking spaces are missing the required access aisles, in violation of the ADA section 502.2 of the 2010 Standards and 1991 ADAAG section 4.6.3, whose remedy is readily achievable.

E. Ground surfaces located on the accessible route have cracks in excess of ½

inch and changes in elevation in excess of ¼ inch, in violation of the ADA and section 302.2 and 302.3 of the 2010 Standards and 1991 ADAAG section 4.5.2 and 4.5.4, whose remedy is strictly required or at minimum is readily achievable.

**Women's Public Restroom**

F.   In the Women's Restroom, the toilet seat covers are placed too high and out of the maximum height reach range, in violation of the ADA and section 308.3.1 of the 2010 Standards, whose remedy is strictly required or at minimum is readily achievable.

G.   In the Women's Restroom, the toilet paper is not properly mounted, in violation of the ADA and section 604.7 of the 2010 Standards whose remedy is strictly required or at minimum is readily achievable.

H.   In the Women's Restroom, the side grab bar at the water closet is out of compliance because it is not extending 54 inches minimum from the rear wall, in violation of the ADA section 604.5.1 of the 2010 Standards and 1991 ADAAG section 4.16.4, whose remedy is strictly required or at minimum is readily achievable.

I.   In the Women's Restroom, the height of the mirror above the lavatory is out of compliance as it is mounted in excess of 40 inches above the finish floor to the reflective surface, in violation of the ADA section 603.3 of the 2010

Standards and 1991 ADAAG section 4.19.6, whose remedy is strictly required or at minimum is readily achievable.

**Men's Public Restroom**

J.  Upon information and belief, the Men's Lobby restroom contains similar barriers to accessibility, in violation of the ADA whose remedy is strictly required or at minimum is readily achievable.

**Mobility Accessible Guest Room #313 fitted with roll-in shower**

K.  In the mobility accessible guest room #313, the drape wands are not accessible because they require tight grasping, pinching, or twisting of the wrist, in violation of the ADA section 309.4 of the 2010 Standards and 1991 ADAAG section 4.27.4, whose remedy is strictly required or at minimum is readily achievable.

L.  In the mobility accessible guest room #313, the drape wands are too high and out of the maximum side reach range, in violation of the ADA and section 308 of the 2010 Standards whose remedy is strictly required or at minimum is readily achievable.

M.  In the mobility accessible guest room bathroom, the height of the mirror is out of compliance as it is mounted in excess of 40 inches above the finish floor to the reflective surface, in violation of the ADA section 603.3 of the 2010 Standards and 1991 ADAAG section 4.19.6, whose remedy is strictly

required or at minimum is readily achievable.

N. In the mobility accessible guest room bathroom, the water and drainpipes under the lavatory are not insulated to protect against scalding or contact, in violation of the ADA section 606.5 of the 2010 Standards and 1991 ADAAG section 4.19.4, whose remedy is strictly required or at minimum is readily achievable.

O. In the mobility accessible guest room bathroom, the Roll-in shower stall is out of compliance because the controls are not mounted on the back wall and located 27 inches maximum from the seat wall, in violation of the ADA and section 608.5.2 of the 2010 Standards, whose remedy is strictly required or at minimum is readily achievable.

P. In the mobility accessible guest room bathroom, the Roll-in shower sprayer is out of compliance, because the controls are mounted above the 48 inch maximum height, in violation of the ADA and section 608.5.3 of the 2010 Standards, whose remedy is strictly required or at minimum is readily achievable.

Q. In the mobility accessible guest room bathroom, in the Roll-in shower the body wash, shampoo and conditioner dispensers are mounted less than 12 inches above the back wall grab bar, impairing its use, in violation of the ADA and section 609.3 of the 2010 Standards, whose remedy is strictly

    required or at minimum is readily achievable

R. In the mobility accessible guest room bathroom, the shower shelves are placed too high and out of the maximum height reach range, in violation of the ADA and section 308.3.1 of the 2010 Standards, whose remedy is strictly required or at minimum is readily achievable.

**<u>Accessible Guestrooms Generally</u>**

S. Upon information and belief, Jill Caruso believes substantially similar barriers to handicap access for the mobility impaired exist in all guestrooms (not only room # 313) that are designated as mobility accessible guestrooms throughout the hotel. Including the other roll-shower fitted mobility accessible guestrooms and bathtub or transfer shower fitted mobility accessible guestrooms.

T. The Double Tree by Hilton Hotel Grand Rapids has a legally insufficient total number of hotel guestrooms fitted with mobility accessible features. Whereas, for a property with 226 guestrooms such as this Double Tree by Hilton Hotel, there must be a minimum of 7 mobility accessible guestrooms without a roll-in shower and a minimum of 3 of mobility accessible guestrooms with a roll-in shower, totaling 10 designated mobility accessible guestrooms dispersed among the various class of room offered, in violation of sections 224.2 of the 2010 ADA Standards and 1991 ADAAG section

9.1.2, whose remedy is strictly required or at minimum is readily achievable.

U.   The hotel's designated accessible guestrooms are not disbursed among the various classes of guestrooms, whereas the property offers guest rooms with one King bed, two Queen Beds, Two Double beds, King Bed with mini Fridge and full pull out sofa, and King Bed Junior Suite w/ full pull out sofa.  These rooms offer varying square footage and amenities available only to able bodied guests. These are offered in differing rate categories.  However, guests who require accessible accommodations are restricted to a standard One King or Two Double bed room and therefore fewer room classes and guestroom amenities, whereas able-bodied patrons and guests have access to reserve and stay at the full range of room classes. This is in violation of the ADA and its remedy is strictly required or at minimum is readily achievable.

**Pool Area**

V.   In the pool area, the adaptive pool lift located at the indoor pool is not available for independent use and is maintained with a cover over it, in violation of the ADA section 1009.2 of the 2010 Standards, whose remedy is strictly required or is at minimum readily achievable.

W.   In the pool area, the accessible spa lift located at the indoor hot tub/spa is not available for use (covered), in violation of the ADA section 1009.2 of the 2010 Standards, whose remedy is readily achievable.

X.  In the swimming pool area, there are no accessible seating surfaces which provide compliant knee and toe clearance, in violation of the ADA section 226.1 and 902.3 of the 2010 Standards and 1991 ADAAG section 5.1, whose remedy is strictly required or at minimum is readily achievable.

Y.  There is no accessible route to the rinsing shower due to a narrow width accessible route, in violation of the ADA whose remedy is readily achievable.

**Fitness Center**

Z.  In the Fitness Center, the house phone is mounted too high and out of the reach range, in violation of the ADA section 308.3.1 of the 2010 Standards, whose remedy is strictly required or at minimum is readily achievable.

AA. In the Fitness Center, a clear floor space of 30" minimum width is not provided at the water fountain for a forward approach, in violation of the ADA section 703 of the 2010 Standards and 1991 ADAAG section 4.18.3 whose remedy is strictly required or at minimum is readily achievable.

**Policies and Procedures**

BB. The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, in violation of the ADA whose remedy is readily achievable.

CC. The Defendant's inadequate procedures for the benefit of its patrons with disability extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward Jill Caruso.

DD. The Defendant's inadequate policies and procedures include an absence of emergency evacuation plans of this four floor hotel and conference center for the Defendant's guests with varying types of disabilities who may require an added duty of care and pre-planning. As such, guests with mobility impairments including Jill Caruso, struggle to address the existing barriers to accessibility on the property and suffer additional risk in the event of an emergency and proper emergency evacuation plans are required.

15. The discriminatory violations described in Paragraph 14 by Defendant AWH-BP Grand Rapids Hotel, LLC, are not an exclusive list of the Defendant's ADA violations. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation, facilities and operations in order to photograph, measure and determine all of the discriminatory acts and areas of non-compliance violating the Americans with Disabilities Act.

16. The Plaintiff has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others

similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

17. Plaintiff restates the allegations of ¶¶1-14 as if fully rewritten here.

18. The hotel at issue, as owned and operated by AWH-BP Grand Rapids Hotel, LLC, constitutes a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

19. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq*. Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

20. The Plaintiff, and others similarly-situated, is presently without adequate

remedy at law and is damaged by irreparable harm. Plaintiff reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

21. Pursuant to 42 U.S.C. §12188, Plaintiff requests that the Court issue an injunction requiring Defendant to bring its place of public accommodation into full compliance with the implementing regulations of the ADA or at minimum make such readily achievable alterations and institute policies and procedures as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT, M.C.L. § 37.1301 *et seq*.

22. Plaintiff restates the allegations of ¶¶1-21 as if fully rewritten here.

23. AWH-BP Grand Rapids Hotel, LLC operates a "place[s] of public accommodation" pursuant to M.C.L §37.1301(a).

24. Defendant committed an unlawful act pursuant to M.C.L §37.1302(a) by denying Plaintiff the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges. Whereas, the Defendant has denied Ms.

Caruso access to compliant mobility accessible transient lodging despite features of the mobility accessible guestrooms being renovated after the enactment of the Americans with Disabilities Act but without constructing and performing alterations consistent with applicable law.

25. The defendant was at all relevant times subject to the Michigan Persons with Disabilities Civil Rights Act but failed to comply with its duty of providing the Plaintiff the full enjoyment of its goods, services, accommodations, and facilities.

26. Plaintiff Caruso did inform the Defendant and its agents of the specific and serious barriers to handicap access that rendered her mobility accessible guestroom's shower unusable for a person who uses a wheelchair for mobility in real time and on the day of the occurrence.

27. Plaintiff has incurred actual monetary damages.

28. Pursuant to M.C.L §37.1606, Plaintiff is entitled to compensatory and exemplary damages, and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to bring its place of public

accommodation into full compliance with the implementing regulations of the ADA or at minimum make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorney's fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and exemplary damages, attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff*:

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (p66315)
Law Offices of Owen Dunn, Jr.
The Offices of Unit C
6800 W. Central Ave., C-1
Toledo, OH 43617
(419) 241-9661 – Phone
(419) 241-9737 – Facsimile
Monroe, MI (734) 240-0848
email: obdjr@owendunnlaw.com